UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WALTER HOWARD,<br>    Petitioner,<br><br>v.<br><br>ROBERT MURPHY,<br>    Respondent. | Civil Action No. 04-12641-DPW |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

The respondent, Robert Murphy, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Walter Howard. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Howard's conviction became final on November 25, 1992, prior to the enactment of AEDPA on April 24, 1996, Howard had a one-year grace period from the date of enactment to file a habeas corpus petition. Howard had to file his federal habeas petition before the lapse of the grace period on April 24, 1997. However, Howard did not bring this petition until November 25, 2004, over seven years after the grace period lapsed. Moreover, the statute of limitations was not tolled at any point between April 24, 1996 and April 25, 1997. Accordingly, the petition is untimely and should be dismissed.[1]

---

[1] Since it is clear from the face of the petition and the attached docket sheets that the petition is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

**PRIOR PROCEEDINGS**

On October 31, 1991, a Middlesex County grand jury returned indictments against Howard for three counts of rape of a child, eight counts of indecent assault and battery on a person fourteen or older, and four counts of assault with intent to rape a child, for offenses involving nine victims. *See* Exhibit A at 4.[2] On November 25, 1992, Howard pled guilty before Bohn, J. to all charges and was sentenced to twelve to fifteen years with eight years to be served, and ten to fifteen years from and after, suspended, with ten years probation. *See* Habeas Petition at 2.

On January 28, 2002, ten years after he pled guilty, Howard filed a motion for new trial and to withdraw his guilty pleas. *See* Exhibit A at 5. This motion was denied on December 27, 2002 by Bohn, J. *Id.* at 6. On January 10, 2003, Howard filed a notice of appeal from the denial of his motion. *Id.* On March 23, 2004, the Massachusetts Appeals Court reversed the order denying Howard's motion to withdraw his guilty pleas and for a new trial on five counts of indecent assault and battery on a child but affirmed the Courts order denying the Howard's motion as to the remaining counts in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Howard*, 60 Mass.App.Ct. 1122, 805 N.E.2d 531 (2004). Howard's application for further appellate review was denied by the Supreme Judicial Court on May 3, 2004. *Commonwealth v. Howard*, 441 Mass. 1107, 807 N.E.2d 830 (2004).[3]

---

[2] The docket sheets for the petitioner's state criminal case, MICR 1991-03660, are attached hereto as Exhibit A.

[3] The petitioner is currently being held at the Treatment Center pending a trial to determine whether he should be civilly committed as a sexually dangerous person pursuant to Mass. Gen. Laws c. 123A.

On November 25, 2004, twelve years after he pled guilty and seven years after the lapse of the grace period, Howard filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## ARGUMENT

**A.     The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Howard's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Because Howard pled guilty, his conviction became final when he was sentenced -*i.e.*, on November 25, 1992. *See, e.g.*, *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after a defendant pleads guilty "nothing more is required except for the court to give judgment and sentence'); *United States v. Hines*, 802 F. Supp. 559, 571 (D. Mass. 1992) ("Under Massachusetts law, a 'conviction' is an adjudication of guilt either by way of the entry of a formal guilty plea or an admission to sufficient facts or after a finding of guilt by jury verdict"). Therefore, Howard's conviction became final on November 25, 1992, prior to the enactment of AEDPA on April 24, 1996. In cases where a conviction became final before the passage of AEDPA, petitioners are given a one-year grace period to file a habeas corpus petition. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999). *See Rogers v. United States*, 180 F.3d 349, 351-352 (1st Cir. 1999), *cert. denied*, 120 S.Ct. 958 (2000); *Libby v. Magnusson*, 177 F.3d 43, 45 (1st Cir. 1999). Howard had until April 24, 1997 to bring a habeas action in federal court. This federal habeas petition was not filed until November 25, 2004, over seven years after the grace period lapsed. Therefore, this petition is time-barred and must be dismissed. *Gaskins*, 183 F.3d at 9.

**B.    Howard's State-Court Proceedings Did Not Alter or Toll the Statute of Limitations.**

Furthermore, Howard is not entitled to rely on either the tolling provision set forth in § 2244(d)(2) or the doctrine of equitable tolling where he failed to initiate state-court proceedings before April 24, 1997 and does not provide evidence that "extraordinary circumstances" beyond

his control prevented him from filing on time. *Trenkler v. Untied States*, 268 F.3d 16, 25 (1st Cir. 2001).

> 1. **The tolling provision set forth in 28 U.S.C. § 2244(d)(2) does not apply where Howard failed to initiate state-court proceedings before April 24, 1997.**

Howard is not entitled to rely on the tolling provision set forth in 28 U.S.C. § 2244(d)(2). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." *Id*. Howard did not file his motion for new trial and to withdraw his guilty pleas until January 28, 2002. *See* Exhibit A at 5. That motion was succeeded by other motions and appeals. *Id*. at 5-6. Since all of those events occurred more than four years after the 1-year grace period elapsed on April 24, 1997, they have no impact on the timeliness of Howard's petition. *See, e.g.*, *Demars v. General Dynamics Corp.*, 779 F.2d 95, 98 n.2 (1st Cir. 1985) (no tolling where event occurred outside limitations period). Consequently, the statute of limitations was not tolled and Howard's petition is untimely.

> 2. **The doctrine of equitable tolling does not apply were Howard fails to provide evidence that "extraordinary circumstances" beyond his control prevented him from filing the writ of habeas corpus before April 24, 1997.**

The doctrine of equitable tolling "is appropriate only where extraordinary circumstances beyond a petitioner's control prevent, despite his due diligence, [him] from filing on time." *See Trenkler* at 25 (available only in "rare cases"). The petitioner has the burden of proving such circumstances. *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001). The First Circuit has made it clear that equitable tolling may be applied only "for the most exceptional reasons" and in "fairly narrow and explicitly defined circumstances." *David v. Hall*, 318 F.3d 343, 346 (1st Cir.

2003).  The petitioner has not met this burden.

Since the petitioner did not file his application for post-conviction relief until January 28, 2002, more than 4 years after the 1-year grace period expired on April 24, 1997, he has the burden of showing why he is entitled to equitable tolling for a period of more than 4 years.  In his motion for tolling of time limits and court order exempting petitioner from limits, the petitioner fails to set forth any specific, fact-based evidence to support his claim of equitable tolling.  He relies on generalized claims that he was mentally ill and overly medicated at the time of trial and thereafter which prevented him from recognizing his claims and acting on them in a timely manner.  The petitioner fails to provide any factual support for these claims and the Massachusetts Appeals Court's decision in *Commonwealth v. Howard,* 60 Mass.App.Ct. 1122, 805 N.E.2d 531 (2004) that he knowingly and intelligently plead guilty at trial, tends to refute his claims that he was too mentally ill and overly medicated to initiate a timely appeal.  Without any factual support for his claims, the petitioner fails to meet his burden and this Court cannot implement the extraordinary relief that equitable tolling gives to a petitioner.  Thus, the petition must be dismissed as time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s Susanne G. Reardon
Susanne G. Reardon, (BBO #561669)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108

(617) 727-2200, ext. 2832

Dated: January 13, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon petitioner, at the address below on January 13, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Walter Howard, pro se
30 Administration Road D2-11
Bridgewater, MA 02324

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General

# Commonwealth of Massachusetts
# MIDDLESEX SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Howard, Walter

Details for Docket: MICR1991-03660

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | MICR1991-03660 | **Caption:** | Commonwealth v Howard, Walter |
| **Entry Date:** | 10/31/1991 | **Case Status:** | Crim 4 (8B Cambridge) |
| **Status Date:** | 01/10/2003 | **Session:** | Disposed (appeal pending) |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 07/07/1992 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: MICR1991-03660

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Howard | **First Name:** | Walter |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

# Attorneys Involved

6 Attorneys Involved for Docket: MICR1991-03660

| Attorney Involved: | | Firm Name: | MA140 |
|---|---|---|---|
| **Last Name:** | Byrne | **First Name:** | Catherine |
| **Address:** | 42 Church Street | **Address:** | 4th floor |
| **City:** | Lowell | **State:** | MA |
| **Zip Code:** | 01852 | **Zip Ext:** | 2622 |
| **Telephone:** | 978-458-7161 | **Tel Ext:** | |
| **Fascimile:** | 978-970-1414 | **Representing:** | Howard, Walter (Defendant) |

| Attorney Involved: | | Firm Name: | |
|---|---|---|---|
| **Last Name:** | Gaffney | **First Name:** | Edward B |
| **Address:** | PO Box 5092 | **Address:** | |
| **City:** | Wayland | **State:** | MA |
| **Zip Code:** | 01778 | **Zip Ext:** | |
| **Telephone:** | 508-358-4818 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Howard, Walter (Defendant) |

| Attorney Involved: | | Firm Name: | MIDD02 |
|---|---|---|---|
| **Last Name:** | Cheng | **First Name:** | Lillian |
| **Address:** | 40 Thorndike Street | **Address:** | |
| **City:** | East Cambridge | **State:** | MA |
| **Zip Code:** | 02141 | **Zip Ext:** | |
| **Telephone:** | 617-679-6545 | **Tel Ext:** | |
| **Fascimile:** | 617-225-0871 | **Representing:** | |

| Attorney Involved: | | Firm Name: | MA02 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Last Name:** | Piselli | **First Name:** | Barbara A |
| **Address:** | 1 Ashburton Place | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02108 | **Zip Ext:** | |
| **Telephone:** | 617-727-2200 | **Tel Ext:** | |
| **Fascimile:** | 617-727-5768 | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Brick | **First Name:** | James L |
| **Address:** | 43 Thorndike Street | **Address:** | |
| **City:** | East Cambridge | **State:** | MA |
| **Zip Code:** | 02141 | **Zip Ext:** | |
| **Telephone:** | 617-494-8600 | **Tel Ext:** | |
| **Fascimile:** | 617-494-8612 | **Representing:** | Howard, Walter (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MIDD02 |
| **Last Name:** | Grant | **First Name:** | Sheryl F |
| **Address:** | 40 Thorndike Street | **Address:** | |
| **City:** | East Cambridge | **State:** | MA |
| **Zip Code:** | 02141 | **Zip Ext:** | |
| **Telephone:** | 617-679-6647 | **Tel Ext:** | |
| **Fascimile:** | 617-225-0871 | **Representing:** | |

## Calendar Events

16 Calendar Events for Docket: MICR1991-03660

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 12/19/1991 | 09:30 | Conference: Pre-Trial | 6 | Event held as scheduled |
| 2 | 01/22/1992 | 09:30 | Hearing: Motion | 6 | |
| 3 | 01/29/1992 | 09:30 | Hearing: Motion | 6 | |
| 4 | 02/19/1992 | 09:30 | Hearing: Motion | 6 | |

| | | | | | |
|---|---|---|---|---|---|
| 5 | 03/19/1992 | 09:30 | Hearing: Motion | 6 | |
| 6 | 04/08/1992 | 09:30 | Hearing: Motion | 6 | |
| 7 | 04/29/1992 | 09:00 | Hearing: Motion | 6 | Event continues over multiple days |
| 8 | 09/15/1992 | 09:00 | Hearing: Motion | 6 | |
| 9 | 10/08/1992 | 09:00 | Hearing: Motion | 6 | Event held as scheduled |
| 10 | 10/15/1992 | 09:00 | Bail: Setting | 6 | |
| 11 | 11/03/1992 | 09:00 | Bail: Setting | 6 | |
| 12 | 11/18/1992 | 11:00 | Conference: Status Review | 4 | Event held as scheduled |
| 13 | 11/23/1992 | 09:00 | Bail: Setting | 6 | Event canceled not re-scheduled |
| 14 | 11/23/1992 | 09:00 | Conference: Status Review | 4 | Event continues over multiple days |
| 15 | 11/25/1992 | 08:30 | Conference: Status Review | 4 | Event held as scheduled |
| 16 | 11/25/1992 | 14:00 | Conference: Status Review | 4 | Event canceled not re-scheduled |

## Full Docket Entries

99 Docket Entries for Docket: MICR1991-03660

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 10/31/1991 | 1 | Indictment returned |
| 11/12/1991 | 2 | and copy returned. Return date _ November 27, l99l. |
| 11/27/1991 | | Defendant is arraigned and pleads not guilty. Defendant is ordered to |
| 11/27/1991 | | recognize personally and so recognizes in open Court. Pretrial |
| 11/27/1991 | | probation pursuant to M.G.L. chapter 276, sec. 87. No contact. |
| 11/27/1991 | | Continued until December l9, l99l for pretrial conference. |
| 12/03/1991 | 3 | Defendant's Motion to Permit access to sealed materials, Filed and |
| 12/03/1991 | 3 | Allowed. By the Court, Banks, J. |
| 12/19/1991 | | All matters area continued until December 30, l99l for status. |
| 12/30/1991 | | All matters are continued until January 22, l992. |
| 01/29/1992 | 4 | Pre-trial conference report, Filed in Court. |
| 01/29/1992 | | All matters are continued until February l9, l992 for motions. |
| 02/19/1992 | | All matters are continued until March l9, l992 for motions. |
| 03/19/1992 | | All matters are continued until April 8, l992 for question of |
| 03/19/1992 | | counsel. |
| 04/08/1992 | 5 | Notice of Assignement of Counsel, Donovan, J. |
| 04/29/1992 | 6 | Pre-trial conference report |

| Date | No. | Description |
|---|---|---|
| 04/29/1992 | 7 | Defenants Motion for funds to employ an investogator, Filed and |
| 04/29/1992 | 7 | Allowed. Donovan, J. |
| 05/21/1992 | 8 | Defenants Motion (Ex Parte) for funds for psychiatirc assistance |
| 05/21/1992 | 8 | Filed and Allowed. By the Court, Donovan, J., |
| 05/21/1992 | 9 | Defenants Motion for Medical and Physical evidence,hospital records |
| 05/21/1992 | 9 | and rape kits. Filed and Alllowed by agreement. |
| 05/21/1992 | 10 | Defenants Motion for exculpatpry evidence-Psychiatirc history of |
| 05/21/1992 | 10 | alleged victims Filed and Allowed by agreemetn. |
| 05/21/1992 | 11 | Defenants Motion for Bill of Particulars. Filed and Allowed by |
| 05/21/1992 | 11 | agreement. |
| 05/21/1992 | 12 | Defenants motion for exculpatory evidence-priro accusations of |
| 05/21/1992 | 12 | sexual abuse. Filed in Allowed by agreement. |
| 05/21/1992 | 13 | Defenants Motion for funds to transcript recording. Filed and Allowed |
| 05/21/1992 | 13 | not to exceed $500.00. Donovan, J. |
| 05/21/1992 | 14 | Defenants motion for discovery,. Filed and Allowed by Agreement. By |
| 05/21/1992 | 14 | the Court, Donovan, J. |
| 05/21/1992 | 15 | Defenants motion for exculpatory evidence. Filed and Allowed by |
| 05/21/1992 | 15 | agreeement. |
| 05/21/1992 | 16 | Defenants motion for list of potential witnesses and their probation |
| 05/21/1992 | 16 | records. Filed and Allowed by agreement. |
| 08/25/1992 | 17 | Defenants Motion for Return of Property. |
| 08/25/1992 | 18 | Defenants motion for additional funds to employ an investigator |
| 08/25/1992 | 18 | Allowed. paymetns to be made only upon affidavit given specific terms |
| 08/25/1992 | 18 | and charges. Gershenjorn, J. |
| 11/25/1992 | | PLEA RETRACTED AND PLEA GUILTY OFFERED AND ACCPETED BY THE COURT |
| 11/25/1992 | | COMMONWEALTH MOVES FOR SENTENCE ON FILE BY ORDER OF BOHN, J. |
| 11/25/1992 | | DEFENDANT NOT OBJECTING THERETO. BY THE COURT, BOHN, J. |
| 11/17/1999 | | Appearance of Deft's Atty: Gaffney, (Screening Only) |
| 01/15/2002 | 22 | Notice of Entry of appeal received from the Appeals Court |
| 01/28/2002 | | Appearance of Deft's Atty: Edward B Gaffney (also on cases 91-3662, |
| 01/28/2002 | | 91-3663, 91-3921, 92-615 and 92-1080) |
| 01/28/2002 | 19 | Motion for new trial by Deft (To Withdraw Guilty Pleas) Pursuant to |
| 01/28/2002 | 19 | Mass.R.Crim.P. 30(b) with Affidavt of Edward B. Gaffney (also on |
| 01/28/2002 | 19 | cases 91-3662, 91-3663, 91-3921 (001-002 & 005-012), 92-615 and |
| 01/28/2002 | 19 | 92--1080) (copy sent to Judge Bohn, Jr. and A.D.A. Sahakian) |

| Date | No. | Entry |
|---|---|---|
| 02/04/2002 | | Appearance of Commonwealth's Atty: Sheryl F Grant |
| 03/06/2002 | 20 | Commonwealth files Memorandum in Opposition to defendants Moton to Withdraw hsi Guilty Pleas |
| 12/27/2002 | | Motion (P#19) The motion of the defendant for a new trial is DENIED without a hearing, see Com. v. Martinez, 437 Mass. 84,98 (2002) and for the reasons set forth in the Commonwealth's Comprehensive opposition. The plea in this case was agreed to by the defendant and the Commonwealth following extensive negotiation. The plea colloquy, consisting of some 58 pages of transcript, was thorough and carefully administered. The issue in reviewing the adequacy of a plea is whether the defendant does so knowingly and voluntarily. See Com. v. Lewis, 399 Mass. 761,764 (1987). In this case, the defendant plead guilty knowing fully of the consequency of that plea and the protectious he had waived. He did so voluntarily. The issue to be decided on a motion for a new trial is whether justice was done. In this case, justice was done. (Rober H. Bohn, Justice) Both sides notified. |
| 01/10/2003 | 21 | NOTICE of APPEAL FILED by Walter Howard Denial of his Motion for New Trial. |
| 01/10/2003 | | Notice of assembly of record; two certified copies of docket entries and two copies of Memorandum of Decision sent to the Clerk of the Appeals Court this day. |
| 01/10/2003 | | Notice of Assembly of Record sent to Martha Coakley, District Attorney and Edward B. Gaffney, Esq. |
| 06/16/2003 | 23 | Motion by Deft: Pro Se Motion To Enforce Plea Contract And Sentence. (Copy to Bohn, J.) |
| 07/03/2003 | | Appearance of Commonwealth's Atty: Lillian Cheng |
| 07/11/2003 | 24 | Commonwealth files Opposition & Supporting Memorandum of Law in Response to Defendant's Motion to Enforce Plea Agreement and Sentence (copy to Judge Bohn) |
| 07/18/2003 | 25 | Deft Files Peo Se Response To Commonwealth's Opposition To His Motion To Enforce The Plea Contract And Sentence. (Copy to Bohn, J.) |
| 08/28/2003 | | Motion (P#23) to enforce plea agreement and sentence is denied without a hearing. See this Courts Memorandum of Decision and Order dated August 28, 2003. (Robert H. Bohn, J.) |

| Date | No. | Entry |
|---|---|---|
| 08/28/2003 | 26 | Memorandum Of Decision And Order On Defendant's Motion To enforce |
| 08/28/2003 | 26 | Plea Agreement And Sentence --ORDER-- For the foregoing reasons, the |
| 08/28/2003 | 26 | defendant's motion to enforce the plea agreement and sentence is |
| 08/28/2003 | 26 | hereby DENIED. The Commonwealth may proceed with its petition under |
| 08/28/2003 | 26 | G.L.c. 123A. (Robert H. Bohan, Jr., Justice) Both sides notified. |
| 05/06/2004 | 27 | Ordered, that the following entry be made in the docket: As to |
| 05/06/2004 | 27 | indictments 92-615-003,91-3921-009,91-3921-011,91-3921-012, |
| 05/06/2004 | 27 | and91-3921-007, the order denying the defendants motion to withdraw |
| 05/06/2004 | 27 | his guilty pleas and for a new trial is reversed, the judgements are |
| 05/06/2004 | 27 | reversed, and the findings of guilty are set aside As to all other |
| 05/06/2004 | 27 | indictments, the order denying the defendants motion to withdraw his |
| 05/06/2004 | 27 | guilty pleas and for a new trial is affirmed (Clerk) |

## Charges

1 Charges for Docket: MICR1991-03660

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Indecent assault & battery on person 14 or over | MIDA91-03660 | Guilty plea |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.