UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION #: 04-12641-DPW

WALTER HOWARD,
PETITIONER,

vs

ROBERT MURPHY,
RESPONDENT.

FILED IN CLERKS OFFICE
2005 JAN 21 P 1:27
U.S. DISTRICT COURT
DISTRICT OF MASS

### PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION AS TIME BARRED

Now comes the petitioner, Walter Howard pro se, who opposes respondent's motion to dismiss, and requests this Honorable Court DENY respondent's motion. As grounds thereto the petitioner states:

1) That he can provide sufficient evidence to establish that petitiner has been disabled by mental illness since June of 1980 and that counsel and the Commonwealth were aware. Petitioner can also provide the Court with sufficient evidence to show that he was over medicated with psychotropic and sedative medications during his pre trial detention in 1992 and throughout his entire term of incarceration. Therefore, in the interest of justice, the Court must find that extraordinary circumstancces exist since petitioner was incapacitated as stated above, and rule the circumstances fall within the exception of 28 USC § 2244 (d) (1) (B), and that Federal review of petitioner's constitutional claims are warranted.

2) The petitioner contends that since the Massachusetts Appeals Court accepted petitioner's appeal pursuant to Rule 30 (b), and later REVERSED several convictions based on a defective/insufficient

plea colloquy and ineffective counsel, the date of final adjudication was on 3/23/04. Or, on 5/3/04 when the Massachusetts Supreme Judicial Court <u>DENIED</u> Petitioner's application for further appellate review. Therefore, the petitioner contends that his filing of the petition for writ of habeas corpus was done timely, or, falls within the exceptions of 28 USC § 2244 (d) (1) (D) and § 2244 (d) (2). This petitioner requests this Court incorporate his "Affidavit in Support of Motion to Stay Proceedings," and his "Pro se Request for Reconsideration of Application for Further Appellate Review," into this opposition to dismissal for time barred to show that he attempted to exhaust state remedies.

3)   The petitioner also states that, at the request of the Court, sufficient evidence can be produced to establish that extraordinary circumstances beyond the petitioner's control existed, and that those circumstances prevented him from discovering that his rights under the 5th, 6th, and 14th Amendments to the Federal Constitution were violated. The actions/events incapacitating this petitioner were done by state actors during the time when the petitioner was incarcerated under an [unknowing and involuntary] plea agreement conviction. The respondent's reliance upon the Massachusetts Appeals Court decision that "he knowingly and intelligently plead guilty at trial," after that Court refused to allow his stay request to consider his claims of diminished mental capacity, and being over medicated during the colloquy; as well as appellate counsel's refusal to address these claims, is spurious. The lack of diligence by counsel is clear, and it can be shown that defendant's rights

were violated by the prejudicial and discriminative treatment of counsel, appellate counsel, the Massachusetts Appeals Court, and the Massachusetts Supreme Judicial Court, due to the nature of the original offenses, and the erroneous suspicion that petitioner is using the great writ to avoid civil commitment.

**WHEREFORE,** the petitioner requests this Honorable Court either: a) DENY the respondent's motion to dismiss petition for time barred, or b) if the Court so desires, appoint counsel to assist in the production of the evidence needed to prove petitioner's claims that extraordinary circumstances exist which warrant equitable tolling and Federal review of petitioner's unconstitutional convictions.

Signed under the pains and penalties of purjury this 20th day of January, 2005.

Respectfully Submitted,

Walter Howard, pro se
30 Administration Road
Bridgewater, MA. 02324

**CERTIFICATE OF SERVICE**

I, Walter Howard, acting pro se, hereby swear that I have served a copy of this opposition to the respondent, Robert Murphy, through the Attorney General's Office to Susanne G. Rearson, AAG: Criminal Bureau (BBO # 561669), One Ashburton Place, Boston, MA. 02108, by regular U.S. Mail Service on January 20th, 2005.

Walter Howard, pro se