```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

WALTER HOWARD,                  )
     Petitioner,                )    CIVIL ACTION NO.
                                )    04-12641-DPW
          v.                    )
                                )
SUPERINTENDENT ROBERT MURPHY,   )
     Respondent.                )
```

MEMORANDUM AND ORDER
February 9, 2005

The petitioner in this habeas corpus proceeding claims that he should be relieved of his obligation of timely initiating the case because some form of mental disability interfered with his ability to conduct litigation.  He also contends that his resort to a state court collateral attack after the running of the federal habeas corpus limitations period should somehow extend the federal limitations period.  The respondent has moved to dismiss.  Finding no grounds for relief here from the timeliness obligations imposed upon those who seek to challenge their state court law convictions through federal habeas corpus proceedings, I will allow that motion.

This case was commenced over seven years after the deadline imposed by the federal limitations, see 28 U.S.C. § 2244(d) (establishing a one-year limitations period for federal habeas corpus proceedings), even when calculated using the grace period recognized by the First Circuit in the wake of the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which became effective April 24, 1996.  See generally Gaskins v. Duval,

183 F.3d 8, 9 (1st Cir. 1999); Rogers v. United States, 180 F.3d 349, 353-54 (1st Cir. 1999), cert. denied, 120 S. Ct. 958 (2000); Libby v. Magnuson, 177 F.3d 43, 47-49 (1st Cir. 1999).

The petitioner was plainly capable of bringing suit earlier. He initiated other litigation in this court several years prior to filing the instant proceeding, belying any suggestion that he was mentally unable to conceive claims and pursue them before the instant proceeding was commenced.[1]

Moreover, the commencement of his state collateral attack proceeding in January 2002 demonstrates that the petitioner suffered no mental disability at that point interfering with pursuit of litigation designed to vacate the state criminal convictions he challenges in this proceeding.

The belated arrival of the instant petition in this court was plainly not the result of any mental disability, continuing into the one-year period prior to the filing, that would have prevented him from initiating a federal habeas corpus proceeding. There is nothing in the petitioner's litigation history sufficient to establish the extraordinary circumstances which are a necessary predicate to equitable tolling of the federal

---

[1] Since April 2002, petitioner has continuously prosecuted a civil rights claim before Judge Wolf. Howard v. Commonwealth, 02-10807-MLW. That case appears to be in some degree duplicative of a civil rights case he commenced in November 2001, Howard v. Murphy, 01-12068-MEL, in which, by contrast, his want of prosecution has been evident and has led recently to its dismissal. See generally Memorandum and Order for Dismissal (01-12068-MEL, February 7, 2005).

limitations period.  Indeed, that litigation history establishes the opposite.

Nor may the petitioner transform his belated effort to exhaust state remedies into a sword to strike down the federal limitations period.  The petitioner was obligated to bring his petition to this court no later than one year after any limitation from doing so had been removed.  To the degree that some issue of exhaustion of remedies in the state court was implicated, the federal court would have been in a position to adjust the obligations to permit a timely federal habeas corpus claim to be pursued.  Without necessarily accepting the position that petitioner would have been entitled to assert equitable tolling if he had filed the instant proceeding in 2001 or 2002 when he began initiating litigation in the state and federal courts, he would have significantly improved his position on the tolling issue by filing his federal petition within a year after such initiation -- when his purported disability plainly was not interfering with his ability to conduct litigation -- and asking the federal court to stay proceedings while he sought to exhaust the issues in state court.  Cf. Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 79 (1st Cir. 2002); Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); Delaney v. Matesanz, 264 F.3d 7, 14 n.5 (1st Cir. 2001).  But petitioner, by even this most generous calculation (involving commencement of the limitation period no earlier than when his purported disability

was demonstrably no longer operative as an excuse for neglecting to pursue litigation), failed to bring the matter in a timely fashion to this court to consider the propriety of a stay and abeyance procedure.  The stay and abeyance procedure was outlined in First Circuit case law well before the limitations deadline had passed under the most generous calculation.  "Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing."  Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002), cert. denied, 123 S. Ct. 1759 (2003).

Accordingly the respondent's motion to dismiss is GRANTED and the clerk is directed to DISMISS this case.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE