UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16  P 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

WALTER HOWARD,
    Petitioner,

vs                          Civil Case #: 2004-12641-DPW

ROBERT MURPHY,
    Respondent.

### REQUEST FOR CERTIFICATE OF APPEALABILITY

Now comes the petitioner, Walter Howard, who notices this Honorable Court of his intentions to appeal the Court's February 9th, 2005 Order of dismissal for time barred under 28 U.S.C. 2244 (d). The Petitioner's appeal is concerning the fact that at the time this Petitioner pled guilty in 1992, his right to appeal pursuant to 28 U.S.C. § 2254 existed without time limited by the AEDPA, which was enacted in 1996, some four years after petitioner's unconstitutional convictions were made. Petitioner's right to appeal attached to the body of laws that existed at the time of the commission of his offenses. This Court overlooked, completely, this Petitioner's claim that he was over medicated with inappropriately prescribed psychotropic and sedative medications during his pleas, that he received ineffective assistance by counsel who failed to present exculpatory mitigating evidence, and that from 1992 to 2001, the Petitioner was confined under a "sleep state" by inappropriately prescribed medications. Additionally, in Massachusetts, a prisoner

may move for new trial under Rule 30(b) at any time after his conviction, without ex-post-facto legislation altering appellate rights, available.

It is provable that appellate counsel did advise this Petitioner at the onset of his state appeal that he not file with the Federal District Court until all state remedies were exhausted. This Petitioner did so, and even after the State Court of Appeals held/ruled the plea colloguy defective, this Court prefers to evade and fritter away this Petitioner's very meritorious Federal Constitutional claims.

America claims to be a nation premissed upon liberty and <u>JUSTICE FOR ALL</u>, yet this Petitioner is denied justice over time limits in a commonwealth that itself doesn't obey procedural time limits. The Petitioner's official medical diagnosis of mental illness was apparently dismissed by this court because of his litigatory history with assistance by jailhouse lawyers in other suits. This is unfair, prejudicial, and perhaps discriminative. This Petitioner's "disability" was exacerbated by his incapacitation in the state's correctional mental health care system where he was rendered into a type of vegatative condition throughout 9 years of inappropriate psycho-pharmicalogical treatment. Surely these issues rise to the level of genuinely extraordinary circumstances. An abundance of evidence is available to prove these claims. Justice will not be served by this dismissal.

**WHEREFORE,** this inexperienced pro se Petitioner request a certificate of appealability, and again, notices this Court of his

intent to appeal the Court's order of dismissal for its reasons stated.

Dated: February 14, 2005

Respectfully submitted,

/s/ Walter Howard
Walter Howard, pro se
30 Administration Road, D-2
Bridgewater, MA. 02324-3230

### CERTIFICATE OF SERVICE

I, Walter Howard hereby certify that a true copy of the above document was served upon the Attorney General's Office at One Ashburton Place Boston Massachusetts by pre paid first class mail on this 16th day of February 2005.

/s/ Walter Howard
Walter Howard, pro se
30 Administration Road
Bridgewater, MA. 02324-3230