UNITED STATES APPEALS COURT
DISTRICT OF MASSACHUSETTS

WALTER HOWARD, PRO SE,
    APPELLANT,

-vs-                          APPEAL DOCKET #:_____

ROBERT MURPHY, SUPERINTENDENT,
    RESPONDANT.

AN APPEAL OF AN ORDER OF DISMISSAL FOR
A 28 U.S.C § 2254 PETITION FOR WRIT OF HABEAS CORPUS
U.S. DISTRICT COURT DOCKET NO. 04-2641-DPW

    Now comes the appellant, Walter Howard, pro se, who hereby appeals the U.S. District Court's order of dismissal of his 28 U.S.C. § 2254 petition. The order was issued on or about February 9th of 2005. The appellant received notice of the order on or about February 15th of 2005. The appellant claims the following:

1)   The reviewing Federal Judge was in error, and improperly dismissed appellant's petition for writ of habeas copus, after finding that appellant failed to file his petition timely, pursuant to the AEDPA, and also found no grounds for Equitable Tolling existed. The Judge's errors were in his failure to consider that:

    a)   On March 23rd, 2004, the Massachusetts Court of appeals REVERSED FIVE of this appellant's 1992 criminal convictions based on a defective / unconstitutional plea

1

plea colloquy. On May 3rd, of 2004, the Supreme Court for the Commonwealth of Massachusetts <u>DENIED</u> appellant's application for further appellate review without reasons stated. Since the state appeals court <u>ALTERED</u> the 1992 criminal convictions; due to the constitutional defects in the plea colloquy, March 23rd, 2004 became the date of the final adjudication. This should have removed all prior time limits under 28 U.S.C. § 2244 (d). Thus, appellant's 28 U.S.C. § 2254 petition was timely filed. Additionally, this petitioner attempted to have the improprieties of the original proceeding addressed through three seperate counsels since 1994.

b)   This appellant had been officially diagnosed as mentally ill, and is disabled. The appellant was treated for mental illness from September of 1991; shortly after his arrest, and throughout his entire prison sentence until August of 2002. During this time, appellant was diminished in mental capacity by sedatives and other mind altering drugs that were improperly prescribed by state prison mental health personnel. The appellant was incapacitated by these drugs and was rendered unable to act to protect his own legal rights to correct the judicial, Prosecutorial, and defense counsel errors of 1992.

c)     This appellant's state rule 30(b) appeals

2

attorney misinformed him that he could not file for relief in the Federal Courts until all State Court remedies had been exhausted. A lengthy delay had transpired in the rule 30(b) process due to counsel having a heart attack. There was no way appellant could know the 'stay and abeyance' proceedures mentioned by the reviewing Judge. With the assistance of jailhouse lawyers, this appellant has filed several civil rights complaints detailing egregious and flagerant violations of various laws by prison personnel and others at the institution where he remains civilly detained. Due to these actions, prison personel increased their harassments against appellant, which caused him a great deal of additional mental and emotional distress. This abuse also prevented him from being able to handle the stresses of additional legal work. The District Court Judge apparently relied on the activity of appellant's (assisted) litigation history in other civil rights actions to justify dismissing appellant's claim; implying that, mentally, appellant was not disabled. That seemed to be prejudicial and discriminative. This appeal should be <u>GRANTED</u>, if for no other reason, that it would be in the interest of justice.

d)    Appellant's State Court appeals attorney,

Edward B. Gaffney, as well as his original criminal attorney; James L. Brick, were ineffective, did not act with due diligence to protect a client's rights, and both counsels withheld exculpatory evidence and failed to make a statement of mitigating circumstances to the Courts, properly. Had counsels presented the available evidence and statements, the outcome of his motion for a new trial would have been decided differently by the Courts. Moreover, the prosecutor in the appeals matter (state), as well as the prosecutor in the original criminal case, were aware of appellant's mental illness and the serious mitigating circumstances involved, and also, withheld that informaton from the Courts.

e)  Due to appellant's disabilities; be it mental illness, or the sedative effects of inappropriately prescribed mind altering drugs, appellant was forced to rely on unqualified others for legal advice and assistance. Appellant requested that his original attorney; James L. Brick, Esq, file a motion to revise and revoke in the original Court in 1994 through 1997, to address his constitutional claims as seen in his habeas corpus petition. From 1994 to 2005, appellent had attempted to have his constitutional issues addressed by the State Courts properly, but three

attorneys (James L. Brick, Esq; Greta Janusz, Esq; and Eward B. Gaffney, Esq.) failed and refused to protect appellant's legal rights and interests. It is important to note here that the 1992 Criminal Court was aware that appellant was previously mentally ill and over-medicated during proceedings, and failed to have him examined for competency at that time. Appellent had a history of major mental illness dating back to July of 1980, and has been disabled ever since. All counsels, including the prosecution, withheld significant information from the Courts.

f) The reviewing Judge refered to a 'Stay and Abeyance' proceedure that he implied this PRO SE, (mentally ill and disabled) petitioner COULD HAVE used to avoid the time limits set forth in 28 USC § 2244(d). The Courts should allow EQUITABLE TOLLING of all time limits; if time limits under the AEDPA are even appliciple in light of the Massuchettes Appeals Court alteration of appellant's unconstitutional 1992 convictions in 2004, and permit this appellant to go forward with his petition for habeas corpus. It is provable that from 1991 through 2002, this appellant was in no mental condition to research difficult, or stealthy aspects, of Constitutional law.

g) The reviewing Judge relied too strongly upon appellant's litigation history in other indirectly related civil litigation, to dismiss appellant's claims. The reviewing Judge may have failed to realize this appellant has been receiving assistance from 'jail-house lawyers' to litigate what he's done to date. The appellant should not suffer life long penalties because appointed attornies failed to protect his rights and legal interests, or because he was forced to rely on unqualified people for legal advice, or because his mental illness prevents him from representing himself in ways an expert attorney could do.

**wherefore**, this appellant respectfully pleads with this Honorable Court to <u>REVERSE</u> the District Court's <u>ORDER OF DISMISSAL</u>, and <u>GRANT</u> appellant the benefit of <u>Equitable Tolling</u> for all considerations stated herein.

I Walter Howard, appellant, hereby swear that the statements made in this appeal are true to the best of my knowledge and recollection.

Signed under the pains and penalties of perjury this 7th day of March 2005.

Respectfully Submitted,

*Walter Howard*
Walter Howard, pro se
30 Administration Road.
Bridgewater, MA. 02324

*A Denial of motion for reconsideration was made after the above date. (wh)*