*USDCMA*
*Judge Woodlock*
*04-12641*

# MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 05-1450

WALTER HOWARD,

Petitioner, Appellant,

v.

ROBERT MURPHY, SUPERINTENDENT,
NEMANSKET CORRECTIONAL CENTER,

Respondent, Appellee.

---

Before

Selya, Lynch and Lipez,
<u>Circuit Judges</u>.

---

JUDGMENT

Entered: September 23, 2005

    Petitioner, Walter Howard, seeks a certificate of appealability ("COA") in order to appeal from the district court's dismissal of his habeas petition as untimely. We have considered petitioner's application, respondent's opposition, the record below and certain state documents requested by order, dated August 19, 2005. We conclude that petitioner has not demonstrated "a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

    For prisoners whose convictions became final prior to AEDPA's effective date, April 24, 1996, we have construed the AEDPA to provide a one-year grace period in which to file a habeas

petition.[1] Lattimore v. Dubois, 311 F.3d 46, 53 (1st Cir. 2002); Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999). Thus, the AEDPA limitations period for Howard's habeas petition expired on April 24, 1997, unless it was tolled. The AEDPA limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Currie v. Matesanz, 281 F.3d 261, 266 (1st Cir. 2002). A pro se prisoner's ignorance or misreading of the law does not excuse an untimely filing for habeas. Lattimore, 311 F.3d at 55; Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001).

Petitioner's arguments are without merit. First, Howard asserts that the fact that Massachusetts law does not place a time limit on the filing of a new trial tolls the AEDPA limitations period indefinitely. While it is true that Massachusetts does not place a limit on when a defendant can file a motion for new trial, see Mass. R. Crim. P. 30, 28 U.S.C. § 2244(d) does not condition the accrual of the limitations period for a federal habeas petition upon a state's statute of limitations for post-conviction relief. Logically, such a motion cannot toll the AEDPA limitations period if the limitations period has already run. See, e.g., Demars v. General Dynamics Corp., 779 F.2d 95, 98 n.2 (1st Cir. 1985)(events occurring after a limitations period had run cannot toll the limitations period). Howard did not file the instant habeas petition until November 25, 2004, nearly seven years after the AEDPA limitations period had run. Petitioner's motion for new trial does not toll the AEDPA limitations period.

Second, Howard avers to filing for post-conviction relief in 1993. According to the state court dockets, see E.I. Du Pont De Nemours & Co., Inc. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986)(federal court may take judicial notice of state court records), petitioner filed a motion to revoke and revise his sentence on January 20, 1993, which the Superior Court denied February 25, 1997; he then filed a motion to reconsider motion to revoke and revise sentence on August 19, 1997, which the Superior Court denied on January 27, 2002. However, even if we were to construe the motion to revise and revoke and the motion for reconsideration as properly filed motions for collateral attack such that they toll the AEDPA limitations period (and we draw no such conclusion here), petitioner's federal habeas petition would still be 13 days late.

And third, Howard asserts that his mental illness relieves him

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations for habeas petitions. See 28 U.S.C. § 2244(d).